IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05 CR 316 |
| CALVIN BIGGS, | ) | Judge Joan H. Lefkow |
| Defendant. | ) | |

## **OPINION AND ORDER**

Defendant Calvin Biggs moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). The motion (dkt. 140) is granted and Biggs's custodial sentence is reduced to 180 months; all other terms of his original sentence remain in effect. Biggs's earlier *pro se* motion for sentence reduction under 18 U.S.C. § 3252 (dkt. 137) is denied as moot.

## **BACKGROUND**

In September 2005, a jury found Biggs guilty of possession with intent to distribute 110.3 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), both occurring after Biggs had already been convicted of two serious drug felonies. Biggs was sentenced to concurrent terms of 360 months of imprisonment. (Dkt. 49.) In 2017, the President commuted Biggs's total custodial sentence to 262 months.

Congress later changed the cocaine sentencing ranges because they "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey* v. *United States*, 567 U.S. 260, 263,

132 S. Ct. 2321 (2012). The Fair Sentencing Act of 2010 increased the weight of crack cocaine required to trigger certain mandatory minimums. *Id.* at 264. Of importance here, before the Fair Sentencing Act, a repeat offender like Biggs convicted of possessing more than 50 grams of crack cocaine faced a 20-year mandatory minimum; now he must possess at least 280 grams to trigger that minimum. Pub. L. 110-220, 124 Stat. 2372, § 2(a)(1) (2010). When a repeat offender possesses between 28 and 280 grams, the mandatory minimum is now 10 years. *Id.* § 2(a)(2).

In 2018, Congress passed the First Step Act making the Fair Sentencing Act's crack cocaine sentencing ranges retroactively applicable to those convicted of qualifying crimes before 2010. Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). A "covered offense" is one whose penalties the Fair Sentencing Act modified but was committed before August 3, 2010. *Id.* § 404(a). Congress imposed two limitations on relief: (1) if the defendant's sentence was already imposed or reduced under the Fair Sentencing Act and (2) if a court has already rejected the defendant's motion under the First Step Act. *Id.* § 404(c).

In January, Biggs moved *pro se* for relief under 18 U.S.C. § 3582 and § 404 of the First Step Act. (Dkt. 137.) The court appointed counsel, who supplemented his motion for a reduced sentence under § 404. (Dkt. 140.)

# ANALYSIS

## I. Eligibility

Biggs was convicted of a covered offense—possessing an amount of crack cocaine that would have resulted in a lower sentencing range under the Fair Sentencing Act. He is not subject to either exclusion in § 404(c). The government argues that even though the text of the First Step Act authorizes relief, it either does not or cannot apply to commuted sentences. To the court's knowledge, every court to have addressed this argument has rejected it. *See United States v. Dodd*, --- F. Supp. 3d ---, 2019 WL 1529516, at *2–3 (S.D. Iowa Apr. 9, 2019); *United States v. Pugh*, No. 5:95 CR 145, 2019 WL 1331684, at *2–3 (N.D. Ohio Mar. 25, 2019) (Gaughan, J.); *United States v. Roberts*, No. 1:06 CR 416, 2019 U.S. Dist. LEXIS 49588, at *4–5 (N.D. Ohio Mar. 25, 2019) (Nugent, J.); *United States v. Walker*, No. 1:94-CR-5, 2019 WL 1226856, at *2 (N.D. Ohio Mar. 15, 2019) (Polster, J.); *United States v. Stilling*, No. 8:08-cr-230-SCB-SPF, 2019 U.S. Dist. LEXIS 62981, at *3–4 (M.D. Fla. Mar. 15, 2019).

The court joins the chorus. Because a commutation does not impose an executive sentence but reduces a judicial one, Biggs remains eligible for First Step Act relief. The President's clemency power is "in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside punishment for a crime.'" *Nixon v. United States*, 506 U.S. 224, 232, 113 S. Ct. 732 (1993) (quoting *Black's Law Dictionary* 1113 (6th ed. 1990)) (emphasis removed); *see also Duehay v. Thompson*, 223 F. 305, 307 (9th Cir. 1915) ("If there be a commutation . . ., the judgment is only satisfied in part, and remains operative in part . . . . So it must be that the judgment remains, but in modified form . . . and can partake in no sense of a sentence imposed by the President."). Whatever portion of the original judicial sentence survives after the President commutes it remains enforceable. *See*

3

*Biddle* v. *Perovich*, 274 U.S. 480, 486–87, 47 S. Ct. 664 (1927) ("No one doubts that a reduction of the term of an imprisonment . . . would leave the reduced term . . . valid and to be enforced . . . ."). The government notes that, when nomenclature was not at issue, the Supreme Court has sometimes described a commutation as "substituted punishment." *Id.* at 487. But the Court has also described commutations as "mitigat[ing] . . . punishment," *Nixon*, 506 U.S. at 232, which better describes a commutation when the difference is more than semantic.

The plain language of the statute applies to commuted sentences even setting aside the semantic debate over whether a commutation reduces or replaces a sentence. The President commuted thousands of crack cocaine sentences in 2016 and 2017. *See Pugh*, 2019 WL 1331684, at *2. Knowing this, Congress could have but did not exempt defendants who received executive clemency. Pub. L. 115-391, 132 Stat. 5194, § 404(c) (2018). Indeed, Congress exempted those who had obtained relief under the Fair Sentencing Act but not those who had obtained any other form of relief. *Id.* Because Congress chose not to exempt commuted sentences, the court declines to read such an exemption into the statute.

The government next argues, in the register of a few different constitutional theories, that courts can never modify commuted sentences. First, it claims that a court's reducing a commuted sentence under the First Step Act violates the separation of powers. The Constitution authorizes the president to grant "Pardons and Reprieves" without limitation (except in cases of impeachment). U.S. Const. art. II, § 2. The coordinate branches thus cannot undo an act of presidential clemency. Hence, in *United States* v. *Klein*, 80 U.S. (13 Wall.) 128, 147–48 (1871), the Court struck down a statute that prohibited courts from enforcing President Johnson's broad pardon and restoration of property rights to former rebels. But applying the First Step Act to commuted sentences presents no similar concerns. Far from interfering with presidential

commutations, the First Step Act allows courts to further reduce sentences. *See Dodd*, 2019 WL 1529516, at *3 n.3 ("Nor does the First Step Act interfere with the commutation, because no condition imposed is sought to be altered and the commutation leaves the rest of Defendant's sentence in place.").

Second, the government argues that the court lacks Article III jurisdiction because the commutation makes First Step Act relief moot. "A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Campbell-Ewald Co.* v. *Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016) (citation omitted). After the commutation, Biggs is serving a 268-month sentence, but the court could resentence him to as little as an aggregate term of 180 months. The First Step Act thus authorizes the court to decrease Biggs's time in prison by several years, an effectual remedy. In analogous circumstances (federal review of state sentences), the Seventh Circuit has held that challenges to commuted sentences are not moot if the court can further reduce the sentence beyond the commutation. *Simpson* v. *Battaglia*, 458 F.3d 585, 595 (7th Cir. 2006); *Madej* v. *Briley*, 371 F.3d 898, 899 (7th Cir. 2004).

The government relies on inapposite cases to claim otherwise. It first cites *Schick* v. *Reed*, 419 U.S. 256, 95 S. Ct. 379 (1974), in which President Eisenhower commuted Schick's death sentence to life without parole. *Id.* at 258. Years later, the Court held in *Furman* v. *Georgia*, 408 U.S. 238, 92 S. Ct. 2726 (1972), that all extant death sentences had to be reduced to life with the possibility of parole. *Schick*, 419 U.S. at 259–60. Schick applied for parole under *Furman* but was ineligible—he was no longer serving a death sentence because of the commutation. *Id.* at 259. To circumvent this problem, Schick tried to challenge the no-parole condition of his commutation, but the Court found it a valid exercise of the President's clemency

power. *Id.* at 266–68. Biggs, on the other hand, applies for relief that remains available to him (because he was convicted of a covered offense) and does not challenge his clemency.

The government also relies on *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017) (en banc), arguing it held that a § 2255 challenge to a life sentence is moot after the President commutes the sentence to a term of years. Like *Schick*, the defendant there challenged a sentence that no longer existed because of a commutation, mooting his request for relief. *Id.* at 219. *Surratt* ill fits this case for other reasons: the reasoning the government cites comes from a one-judge concurrence rather than the majority, *id.* at 219–20 (Wilkinson, J., concurring), and as *Surratt*'s dissent observes, the Seventh Circuit disagrees with *Surratt*'s conclusion. *Id.* at 226 (Wynn, J., dissenting) ("[T]he Seventh Circuit, the only circuit that appears to have squarely addressed the issue, refused to find mootness in analogous circumstances.").

## II. Relief

Having found that Biggs is eligible for relief, the court must determine what relief to award. The First Step Act provides, "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018).

Although only one of Biggs's two convictions qualifies as a covered offense, the court "imposed a sentence for a covered offense" when it entered its single sentencing judgment. Moreover, when "impos[ing] a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect," the court effectively resentences the defendant under the Fair Sentencing Act (except that the sentence cannot exceed his current sentence). *See Dodd*, 2019 WL 1529516, at *2 (construing First Step Act proceedings as plenary resentencing subject to procedural rules at time

6

of resentencing). As with any sentencing, the court considers multiple counts together; indeed, the guidelines require the court to use a combined offense level for all counts. U.S.S.G. § 3D1.1(a)(3). Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, "impos[ing] a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect" entails resentencing on all counts. In supplemental briefing, Biggs identifies at least one case where a court (without discussion) has reduced a concurrent sentence for a non-covered offense. *See United States v. Cook*, No. 4:05-cr-00258-CDP-1 (E.D. Mo. Apr. 17, 2019).

Biggs possessed 110.3 grams of crack cocaine after a prior conviction for a serious drug offense, punishable under the Fair Sentencing Act by between 10 years (120 months) and life imprisonment. 21 U.S.C. § 841(b)(1)(B). Biggs also possessed multiple firearms after being convicted of two serious drug crimes, punishable by between 15 years (180 months) and life imprisonment.[1] As Biggs concedes, because he is a career offender, his guidelines range also remains unchanged at between 360 months and life imprisonment. (Dkt. 140 at 4.) His commuted 262-month sentence is already more than 8 years below his guidelines range of 360 months to life imprisonment.

In mitigation, Biggs has been a model inmate, obtaining his GED and a certificate of apprenticeship in welding. He incurred only three minor disciplinary infractions over the last fourteen years in custody. Moreover, it is unlikely that five more years of continued imprisonment are required to deter him (and others) any more than has been accomplished in the fourteen years served. Though he is a recidivist and illegally possessed firearms, the record does not suggest that he wielded or discharged them at any time; indeed, he led the police directly to

---

[1] Because Biggs has served more than 180 months counting good conduct credits, the court can reduce his sentence to time served.

7

them. *See United States v. Biggs*, 491 F.3d 616, 618–19 (7th Cir. 2007). And the designation as an armed career criminal, while cause for concern about recidivism, was based on drug crimes rather than crimes of violence. Because the Fair Sentencing Act and the First Step Act reflect Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, reduction of Biggs's sentence aligns the statutory purposes of sentencing with the goal of the reform legislation.

Considering all these factors together, the court concludes that reducing Biggs's aggregate sentence to time served is sufficient but not greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).

**ORDER**

Calvin Biggs's motion for sentence reduction under § 404 of the First Step Act (dkt. 140) is granted, and his *pro se* motion for reduction under 18 U.S.C. § 3582 (dkt. 137) is denied as moot. Biggs's concurrent custodial sentences on Counts I and II are reduced to 180 months. All of the other terms and conditions of the previous judgment imposed on December 2, 2005 (dkt. 49), remain in effect. Biggs should be released immediately. Amended judgment order to follow.

Date: May 15, 2019

U.S. District Judge Joan H. Lefkow